# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| JESSE I. ROBERTS, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action File No. _____ |
| | § | |
| ALCON LABORATORIES, | § | |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Alcon Research, LLC, incorrectly named Alcon Laboratories ("Alcon" or "Defendant"), gives notice that it removes this action from the Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division. In support of such removal, Defendant respectfully shows the Court as follows:

## I.     STATE COURT ACTION

1.     On May 26, 2021, Plaintiff Jesse I. Roberts ("Plaintiff") filed suit in the Judicial District of Tarrant County, Texas (the "State Court Action"). The Original Petition alleges discrimination and retaliation under Title VII of the civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE §§ 21.001 *et seq.*; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq. See* Ex. C-1, Plaintiff's Original Petition, at pp. 4–5. Plaintiff seeks compensatory damages, reinstatement or front pay, punitive damages, and attorneys' fees. *Id.*, at p. 7.

2.     Plaintiff accomplished formal service of process on Defendant care of Defendant's registered agent at 211 E. 7th Street, Suite 620, Austin, Texas on May 28, 2021. Upon information

and belief, no other process, proceedings, or orders have been filed or issued in the case or served on Defendant.

3.      This Notice of Removal is timely filed within 30 days of receipt of Plaintiff's Original Petition, pursuant to 28 U.S.C. § 1446(b).

## II.      REMOVAL PROCEDURE

4.      This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1446(a).

5.      Pursuant to 28 U.S.C. § 1446(a), the Federal Rules of Civil Procedure, and Local Rule 81.1, this Notice of Removal is accompanied by the following, which are respectively attached as Exhibits A–E:

   a.  An index of documents identifying each document and the date the document was filed in state court;

   b.  A copy of the docket sheet in the State Court Action;

   c.  Each document filed in the State Court Action;

   d.  A separately signed certificate of interest persons in compliance with Local Rule 3.1(c) and Federal Rule of Civil Procedure 7.1(a); and

   e.  Executed process served on Defendant.

6.      A copy of this Notice of Removal will also be filed in the State Court Action pursuant to 28 U.S.C. § 1446(d).

## III.      REMOVAL JURISDICTION

7.      Removal is proper because this court has federal question jurisdiction over the federal Title VII and ADEA claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's TCHRA claim under 28 U.S.C. § 1367(a).

A.     **Federal Question Jurisdiction**

8.      A case may be removed to federal court when it could have been brought in federal court originally, *i.e.*, when the federal court has original subject matter jurisdiction of the action. *See* 28 U.S.C. § 1441. Federal district courts have original subject matter jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States under federal question jurisdiction. *See* 28 U.S.C. § 1331.

9.      A claim arises under federal law when either: (1) the well-pled complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008).

10.     Removal of the State Court Action is proper under 28 U.S.C. §§ 1331, as it arises under the laws of the United States. Specifically, Plaintiff asserts claims for discrimination and retaliation under Title VII and the ADEA. *See* Ex. C-1, p. 5. Thus, Plaintiff alleges violations of federal law and its right to relief will necessarily depend on the resolution of federal law. Accordingly, this Court has federal question jurisdiction.

B.     **Supplemental Jurisdiction**

11.     This Court also has jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *See* 28 U.S.C. § 1367(a); *see also State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (under 28 U.S.C. § 1367, federal courts have jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'"); *Martin v. Waring*

*Invs. Inc.*, 323 F. App'x 313, 317 (5th Cir. 2009) (a district court may "entertain state law claims pursuant to its supplemental jurisdiction, provided the claims arise from the case or controversy over which the district court had original jurisdiction") (internal quotations and citations omitted).

12.     To exercise supplemental jurisdiction, "a court must find that the federal and state law claims 'derive from a common nucleus of operative fact' and 'are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Transformer Protector Corp.*, 2017 WL 2215631, at *1 (quoting *United Mine Works of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). This principle applies equally to cases originally brought in federal court and those removed to federal court. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F.Supp.2d 800, 806 (S.D. Tex. 2000).

13.     Even where a court has supplemental jurisdiction over a state law claim, it may nonetheless decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of State law," or "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. §§ 1367(c)(1)–(2).[1]

14.     Here, Plaintiff's federal and state law claims share a common nucleus of operative facts, as both are based on the same alleged actions of Defendant. *See* Ex. C-1, at p. 5 ("In blatant violation of Title VII, the TCHRA and the ADEA, Defendant's employees engaged in practices towards Plaintiff which willfully discriminated against him on the basis of Plaintiff's age and national origin, and retaliated against him, including, but not limited to, the specific discriminatory and harassing acts described herein. Consequently, Plaintiff seeks redress for unlawful discrimination and retaliation under Title VII, the TCHRA and ADEA."). Accordingly, all the

---

[1] 28 U.S.C. § 1367(c) also provides two other bases for a district court to decline supplemental jurisdiction: first, in a situation where "the district court has dismissed all claims over which it has original jurisdiction," and second, only "in exceptional circumstances [where] there are other compelling reasons for declining jurisdiction." *Id.* 28 U.S.C. §§ 1367(c)(3)–(4). Neither is applicable here.

facts alleged in Plaintiff's Original Complaint that relate to the federal Title VII and ADEA claims apply equally to the state law TCHRA claims.

15.     Moreover, "the Texas Labor Code was modeled on Title VII, and one of the Texas Labor Code's primary goals ... is to coordinate state law with federal law in the area of employment discrimination." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 553 (5th Cir. 2020) (internal quotations and citations omitted). Given this framework, it is abundantly clear that the federal and state claims will rely on the same materials, documents, and conversations to determine liability and damages. As such there is substantial—if not complete—overlap in the facts such that Plaintiff would be expected to try all the claims together in the same judicial proceeding. Plaintiff's claims derive from a common nucleus of operative fact warranting the exercise of supplemental jurisdiction over the state claw claims.

16.     Additionally, there is nothing "complex" or "novel" about Plaintiff's TCHRA cause of action which would require this Court to decline to exercise its supplemental jurisdiction over the state law claims. Rather, TCHRA claims are common and assuredly well known to this Court such that it is fully equipped to handle such claims, especially where virtually all relevant facts will necessarily be a part of the Court's consideration of Plaintiff's Title VII and ADEA claims. *See*, *e.g.*, *Chun-Sheng Yu v. Univ. of Houston at Victoria*, 2017 WL 3620637, at *1 (analyzing claims brought under Title VII and the ADEA "with supplemental jurisdiction under 28 U.S.C. § 1367 over pendent state law claims arising under the Texas Commission on Human Rights Act").

17.     Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of Defendant's rights to assert defenses or objections including, without limitation, the defenses of (i) lack of jurisdiction over the person, (ii) improper venue and/or *forum non*

*conveniens*, (iii) insufficiency or lack of process or service of process (iv) improper joinder of claims and/or parties, (v) failure to state a claim, (vi) failure to join an indispensable party(ies), or (vii) any other procedural or substantive defense available under federal or state law.

18.     If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present further evidence and oral argument in support of its position that this case was properly removed.

## IV.     CONCLUSION

WHEREFORE, Defendant Alcon Research, LLC, incorrectly named Alcon Laboratories, removes this case from the Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.

Dated: June 25, 2021                                    Respectfully submitted,

**GREENBERG TRAURIG LLP**

By: */s/ Shira R. Yoshor*
**Shira R. Yoshor**
Texas Bar No. 00788730
yoshors@gtlaw.com
**Angeles Garcia Cassin**
Texas Bar No. 24087561
cassina@gtlaw.com

1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Tel: 713-374-3500
Fax: 713-374-3505

**Attorneys for Defendant Alcon Research, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all parties and counsel of record have been served with a copy of this

Notice of Removal via the Court's electronic filing system on June 25, 2021.

s/ <i>Angeles G. Cassin</i>
Angeles G. Cassin